## OLD COLONY TRUST CO. et al. v. MALLEY, Collector, et al.

(District Court, D. Massachusetts. Oct. 13, 1926.)

No. 2581.

1. Internal revenue ⟁8(14)—In computing federal inheritance tax, tax itself held not proper deduction in determining taxable "net estate" (Comp. St. §§ 6336½b, 6336½d).

In computing inheritance tax under Act Sept. 8, 1916, tax itself is not proper deduction in determining taxable "net estate" within sections 201 and 203 (Comp. St. §§ 6336½b, 6336½d), notwithstanding that it is deductible in arriving at amount subject to state taxation.

[Ed. Note.—For other definitions, see Words and Phrases, Net Estate.]

2. Internal revenue ⟁8(14).

"Net estate" taxable under Comp. St. § 6336½b, providing for inheritance tax is taxable entity, and hence tax on each bracket is not to be deducted in computing tax on following brackets.

At Law. Action by the Old Colony Trust company and others, executors, against John F. Malley, Collector, and others. Judgment for defendant.

Gibbs, Guptill & Lowrance and O. Walker Taylor, all of Boston, Mass., for plaintiffs.

Harold P. Williams, U. S. Atty., and Marcus Morton, Jr., both of Boston, Mass., for defendants.

MORTON, District Judge. This is an action at law to recover back a tax alleged to have been illegally exacted. There is no dispute about the facts; they are settled by stipulation, and are substantially as stated in the declaration.

The tax in question was an inheritance tax, levied under the Act of September 8, 1916, on the estate of Sidney W. Winslow, deceased. This statute (section 201 [Comp. St. § 6336½b]) imposed "a tax * * * equal to the following percentages of the value of the net estate to be determined as provided in section 203." Then follows a schedule. Section 203 (Comp. St. § 6336½d) provides that "for the purposes of the tax * * * the net estate shall be determined * * * by deducting" from the gross estate certain specifically enumerated items. These deductions include, inter alia, "claims against the estate," and "such other charges against the estate, as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered."

The net value of this estate as determined by the Commissioner is $4,837,860. The Commissioner computed the tax by taking the first bracket in the statute schedule, after deducting the exemption, and figuring the tax on that; then proceeding to the second bracket and figuring the tax on that; then proceeding to the third bracket and figuring the tax on that; and so on. The tax which he assessed is the total of the taxes under the various brackets. It is a method in familiar use in connection with income surtaxes.

The plaintiff contends, first, that the tax was a proper deduction under section 203; and, second, that, if the tax was not deductible, the Commissioner's method of computation was wrong, that the tax should have been computed by figuring the amount in the first bracket, then deducting the amount of that tax from the residue of the estate, then proceeding to the second bracket and deducting the amount of the tax under it from the residue of the estate, and so on. The difference between the two methods is considerable, amounting to about $58,000. The method followed by the Commissioner results, as the plaintiff contends in taxing as part of the estate in the highest bracket all the taxes which have been assessed under the lower brackets; in other words, that the amount taken by the Commissioner for the highest bracket is pro tanto fictitious and unreal.

[1] Congress undoubtedly had power to levy taxes on inheritances to an extent not surpassed, if indeed it be approached, by the statute in question as the Commissioner has construed it. The case turns on whether his construction is right. What is taxed is the "net estate"; i. e., the gross estate less specified expenses, debts, and charges. Ordinarily it would approach absurdity to say that, in determining a net amount in order to compute a charge against it, the amount of the charge to be imposed should be deducted. No case so holding is referred to in the elaborate briefs which have been submitted on behalf of the plaintiff. The only substantial argument for such a result is based on the language of section 203, "such other charges as are allowed by the laws of the jurisdiction un-

der which the estate is being settled.'' Under the law of Massachusetts the federal tax, being against the estate itself, is deductible in arriving at the amount which is subject to state taxation. It is therefore, as the plaintiff contends, deductible against the United States. There is no gainsaying the literal sufficiency of the argument. But I do not think that it can have been intended that, because the federal estate tax, after it has been assessed, is an allowable charge in arriving at the net estate for the purpose of state taxation, the amount of the federal tax should be deducted from the net estate for the purpose of federal assessment. The observation of Judge Hand in Edwards v. Slocum (C. C. A.) quoted at 287 F. 655, that by long-established practice and usage the incidence of a tax is never regarded in the levying of it, is sound and pertinent.

[2] As to the method of computation: If it be the intention of the act to impose a unit tax on each estate, computed according to the directions in the schedules, the Commissioner's assessment was correct. If, on the other hand, the intention of the act is that successive taxes on the different brackets shall be imposed, the aggregate of which shall constitute the entire tax against the estate, the plaintiff is right.

The question involved is not entirely free from doubt, and is of sufficient general importance to warrant decision by a court of last resort. It is therefore unnecessary for me to undertake an elaborate discussion of the authorities; I content myself with saying that in my opinion the net estate is the taxable entity, and the schedule specifies how the tax on any given estate is to be computed.

The plaintiff suggests that there is an inconsistency in the Commissioner's methods of assessment between the estate tax and the gift tax. If there be such inconsistency, which is far from clear, I do not see that it affords much light on the present question.

Judgment for defendant.